UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ORLANDO RODRIGUEZ,<br><br>  Petitioner,<br><br>   v.<br><br>M. D. BITER,<br><br>  Respondent. | NO. CV 13-3437-R (AGR)<br><br><br>ORDER TO SHOW CAUSE |

On May 14, 2013, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears the one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before *June 20, 2013*, why this court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

I.

**PROCEDURAL BACKGROUND**

On May 21, 1987, Petitioner pled guilty in Los Angeles County Superior Court to various crimes and was sentenced to 15 years to life. (Petition at 2.) Petitioner did not appeal. (*Id.* at 3.)

On March 11, 2013, Petitioner filed a habeas petition in the California Supreme Court, which was summarily denied on May 1, 2013. *See* California Appellate Courts Case Information online docket in Case No. S209257; (Petition, Ex. A.)

On May 7, 2013, Petitioner constructively filed the instant federal petition in this court in which he raises two grounds, ineffective assistance of counsel and cumulative error. (Petition at 5 & back of envelope.)

II.

**DISCUSSION**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**A.   The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

Petitioner was convicted in 1987. Petitioner did not appeal; therefore, his conviction became final 60 days later. California Rules of Court 8.308(a) (formerly Rule 30.1). Because the conviction became final before the AEDPA

was enacted, the limitations period expired on April 24, 1997. *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). Absent tolling, the petition is time-barred.

### 1.     Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state habeas petition until March 11, 2013, after the limitations period had already expired. Therefore, Petitioner is not entitled to statutory tolling. *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period).

Absent equitable tolling, the petition is time-barred.

### 2.     Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness."' *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

Petitioner does not indicate he is entitled to equitable tolling. Accordingly, the petition remains time-barred.

### B.   Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may start to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

In Ground One, Petitioner contends his counsel was ineffective during plea negotiations because his counsel was new to the case and "had never visited" Petitioner in jail. (Petition at 5I.) Petitioner felt pressured even though he did not believe the plea bargain was a good deal. (*Id.* at 5J.) Petitioner contends his counsel was ineffective because he "did not even bother to conduct a simple investigation." (*Id.*) In Ground Two, Petitioner contends he is entitled to relief based on the cumulative effect of his counsel's alleged errors. (*Id.* at 5O.) Petitioner was aware of the factual predicates underlying both grounds at the time of the plea. Accordingly, the date of discovery does not assist Petitioner, and the petition remains time-barred.

## III.
## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **June 20, 2013**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: May 20, 2013

_____
ALICIA G. ROSENBERG
United States Magistrate Judge